**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

STEPHEN  BUSHANSKY,  derivatively  on   Case No. 1:23-cv-02257-PAB
behalf of KeyCorp,

                    **Plaintiff,**

        -vs-

CHRISTOPHER M. GORMAN, et al.,

                    **Defendants.**

---

JAMES SKODA, derivatively on behalf of   Case No. 1:23-cv-02416-PAB
KeyCorp,

                    **Plaintiff,**

        -vs-

CHRISTOPHER M. GORMAN, et al.,

                    **Defendants.**          **MEMORANDUM OPINION & ORDER**

Before the Court is the parties' Joint Motion to Consolidate Cases and for Appointment of

Co-Lead and Co-Liaison Counsel filed on February 26, 2024.  (Doc. No. 11, Case No. 1:23-cv-02257;

Doc. No. 8, Case No. 1:23-cv-02416.)  The parties seek to consolidate the actions *Bushansky v.

Gorman, et al.*, Case No. 1:23-cv-02257 and *Skoda v. Gorman, et al.*, Case No. 1:23-cv-02416 and

to appoint two law firms as co-lead counsel and two law firms as co-liaison counsel of the

consolidated action.

For the following reasons, the Court GRANTS the parties' Joint Motion.

## I.      Background

On November 20, 2023, Plaintiff Stephen Bushansky ("Bushansky") filed a shareholder derivative action on behalf of nominal Defendant KeyCorp against KeyCorp's board of directors. (Doc. No. 1, Case No. 1:23-cv-02257.)  On December 19, 2023, Plaintiff James Skoda ("Skoda") filed a nearly identical action against the same defendants.[1]  (Doc. No. 1, Case No. 1:23-cv-02416.)

On January 9, 2024, the parties filed a stipulation to consolidate the two derivative actions. (Doc. No. 9.)  However, the Court denied the parties' stipulation because it sought to bind parties and counsel in subsequent and not-yet-filed derivative actions to the terms of the stipulation to be entered in the consolidated action.  (Non-Document Order dated January 10, 2024.)  On January 24, 2024, the Court set February 26, 2024, as the deadline for the parties to file a renewed motion to consolidate the two actions.

The parties timely filed the instant Joint Motion to Consolidate Cases and for Appointment of Co-Lead and Co-Liaison Counsel.  (Doc. No. 11.)  In their Joint Motion, the parties first argue that the Court should consolidate the two derivative actions under Rule 42(a) since they involve common questions of law and fact.  (*Id*. at PageID# 158-59.)  Second, the parties argue that the Court should appoint Weiss Law and The Rosen Law Firm, P.A. ("Rosen Law"), counsel for Bushansky and Skoda, respectively, as co-lead Counsel of the consolidated action.  (*Id*. at PageID# 159.)  They contend that Weiss Law and Rosen Law have the qualifications and experience to represent Plaintiffs on behalf of KeyCorp.  (*Id*. at PageID# 162.)  Lastly, Plaintiffs move for the Court to appoint Camillus, LLC ("Camillus") and Karon LLC ("Karon") as co-liaison counsel.  (*Id*. at PageID# 162.)

---

[1]  All future docket references will be to documents in the first-filed action, *Bushansky v. Gorman, et al.*, Case No. 1:23-cv-02257.

## II.     Law and Analysis

### A.     Consolidation

Federal Rule of Civil Procedure 42 provides, in pertinent part, that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions."  Fed. R. Civ. P. 42(a).  A district court should consolidate cases with common questions of law or fact when "the risks of prejudice and confusion are outweighed by other factors including 'the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties, witnesses and available judicial resources.'"  *Carpenter v. GAF Corp.*, 1994 U.S. App. LEXIS 2694 at *3 (6th Cir. Feb. 15, 1994) (quoting *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985)).  While "consolidation is permitted as a matter of convenience in economy in administration, it does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another."  *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 412 (6th Cir. 1998) (brackets omitted) (quoting *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933)).

The derivative actions here involve the same defendants, the same facts, the same allegations, and the same claims.  The Court concludes that there is no risk of prejudice or confusion, and that the risk of inconsistent adjudications as well as the burden on the parties, witnesses, and the Court all favor consolidation.

Accordingly, under Rule 42(a), the Court consolidates *Skoda v. Gorman, et al.*, Case No. 1:23-cv-02416 into *Bushansky v. Gorman, et al.*, Case No. 1:23-cv-02257.

### B.     Co-Lead Counsel of Consolidated Action

A district court has the inherent power to "'designate a lead counsel' to manage complex proceedings."  *Graham v. Peltz (In re Wendy's Co. S'holder Derivative Action)*, 44 F.4th 527, 532

3

(6th Cir. 2022) (quoting *In re Nat'l Prescription Opiate Litig.*, 956 F.3d 838, 845 (6th Cir. 2020));

*see also In re Bendectin Litig.*, 857 F.2d 290, 297 (6th Cir. 1988).  In a shareholder derivative suit,

"the court should select the counsel who will best honor the interests of the plaintiffs litigating on

behalf of the corporation."  *Graham*, 44 F.4th at 533 (citing 9A Charles Alan Wright & Arthur R.

Miller, Federal Practice and Procedure § 2385 (3d ed. 2022)).  It should consider factors such as the

lead counsel's "qualifications and experience . . . [and] ability to work cooperatively with opposing

counsel and the court, the nature of the causes of action alleged, the quality of the pleadings, and any

prior agreements amongst the parties."  *Id*. (citing Manual for Complex Litigation (Fourth) § 10.224

(2004)).

Here, Weiss Law and Rosen Law have the qualifications and experience to represent Plaintiffs

litigating on behalf of KeyCorp as lead counsel.  Both have previously served as lead or co-lead

counsel on similar derivative actions.  And, thus far, they have demonstrated an ability to work

cooperatively with opposing counsel—the instant Joint Motion is one example.  Lastly, Plaintiffs

agree that the Court should appoint Weiss Law and Rosen Law as co-lead counsel.

Accordingly, the Court appoints Weiss Law and Rosen Law as co-lead counsel.  Camillus and

Karon shall serve as co-liaison counsel.

## III.     Conclusion

For the foregoing reasons, the Court GRANTS the parties' Joint Motion to Consolidate Cases

and for Appointment of Co-Lead and Co-Liaison Counsel.[2]  (Doc. No. 11.)  The Court consolidates

---

[2]  The Court notes that the parties' proposed order contains a clause that "any pending, subsequently filed, removed, or transferred actions that are related to the claims asserted in the Consolidated Action are hereby consolidated for all purposes." (Doc. No. 11-9, PageID# 365.)  Should any such action be filed, removed, or transferred in or to the Northern District of Ohio, any party seeking its consolidation with this consolidated action shall file an appropriate motion asking

*Skoda v. Gorman, et al.*, Case No. 1:23-cv-02416 into *Bushansky v. Gorman, et al.*, Case No. 1:23-cv-02257 and appoints Weiss Law and Rosen Law as co-lead counsel with Camillus and Karon serving as co-liaison counsel.  All future filings should only be in *Bushansky v. Gorman, et al.*, Case No. 1:23-cv-02257.  **By March 29, 2024, Plaintiffs shall file a consolidated complaint or designate an operative complaint.**  Defendants shall file an answer or otherwise respond to the consolidated or designated operative complaint in accordance with Federal Rule of Civil Procedure 12.

**IT IS SO ORDERED.**

Dated: February 28, 2024

 *s/ Pamela A. Barker*
PAMELA A. BARKER
UNITED STATES DISTRICT JUDGE

---

that the Court do so.  To be clear, the subsequent action will not be consolidated automatically by reason of this Memorandum Opinion and Order.